Jason A. Geller (SBN 168149)
        E-Mail:  jgeller@fisherphillips.com
Andrew E. Saxon (SBN 227344)
        E-Mail:  asaxon@fisherphillips.com
Kevin L. Quan (SBN 317798)
        E-Mail:  kquan@fisherphillips.com
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, California 94111
Telephone: (415) 490-9000
Facsimile:  (415) 490-9001

Attorneys for Defendants
PROSPECT INTERNATIONAL AIRPORT
SERVICES CORPORATION and
PROSPECT AIRPORT SERVICES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS R. CHAVARRIA RAMIREZ, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>PROSPECT INTERNATIONAL AIRPORT SERVICES CORPORATION, a Nevada corporation; PROSPECT AIRPORT SERVICES, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.:<br><br>*[Removed from the San Mateo Superior Court, Case No. 21-civ-03392]*<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)**<br><br>Complaint Filed:  June 18, 2021<br>Trial Date:         None |

NOTICE OF REMOVAL

FP 41323304.1

Defendants PROSPECT INTERNATIONAL AIRPORT SERVICES CORPORATION and PROSPECT AIRPORT SERVICES, INC. ("Defendants") hereby remove the above-captioned action from the Superior Court of the State of California, in and for the County of San Mateo, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act), 1441, 1446, and 1453.  Such removal is based upon and supported by the following.

**I.      THE STATE COURT ACTION**

1.      On or about June 18, 2021, Plaintiff LUIS R. CHAVARRIA RAMIREZ ("Plaintiff") filed an unverified "Class Action Complaint for Damages" ("Complaint") in the Superior Court of the State of California, in and for the County of San Mateo, thereby initiating the civil action entitled "LUIS R. CHAVARRIA RAMIREZ, individually, and on behalf of other members of the general public similarly situated, Plaintiff vs. PROSPECT INTERNATIONAL AIRPORT SERVICES CORPORATION, a Nevada corporation; PROSPECT AIRPORT SERVICES, INC., an unknown business entity; and DOES 1 through 100, inclusive, Defendants," Case No. 21-CIV-03392 (the "State Court Action").  A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.      The County of San Mateo is within the territory of the United States District Court for the Northern District of California.

3.      Plaintiff's Complaint asserts causes of action for: (1) Violation of California Labor Code §§ 510 and 1198 (unpaid overtime); (2) Violation of California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums); (3) Violation of California Labor Code § 226.7 (unpaid rest period premiums); (4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (unpaid minimum wages); (5) Violation of California Labor Code §§ 201 and 202 (final wages not timely paid); (6) Violation of California Labor Code § 204 (wages not timely paid during employment); (7) Violation of California Labor Code § 226(a) (non-compliant wage statements); (8) Violation of California Labor Code § 1174(d) (failure to keep requisite payroll records); (9) Violation of California Labor Code §§ 2800 and 2802 (unreimbursed business expenses); and (10) Violation of California Business & Professions Code §§ 17200, *et seq*.

NOTICE OF REMOVAL

FP 41323304.1

4.    True and correct copies of all other process, pleadings and orders (*see* 28 U.S.C. § 1446(a)) that have been served on Prospect International Airport Services Corporation and Prospect Airport Services, Inc. in the State Court Action are attached hereto, respectively, as Exhibit B (Summons), Exhibit C (Civil Cover Sheet), and Exhibit D (Notice of Case Management Conference).

5.    The Complaint, along with Exhibits B through D hereto, were served on Prospect International Airport Services Corporation and Prospect Airport Services, Inc by personal service on July 13, 2021.

6.    Defendants filed their Answer to Plaintiff's Complaint in the Superior Court of the State of California, in and for the County of San Mateo on August 12, 2021.  A true and correct copy of the Answer is attached hereto as Exhibit E.

## II.    REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD

7.    In 2014, the United States Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and that accordingly such notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551-554 (2014) (quoting 28 U.S.C. § 1446(a)). This governing principle also applies to a removing party's allegations as to the amount in controversy. *Id.*; *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1196-1197 (9th Cir. 2015); *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1334 (E.D. Cal. 2015).  Only if the Court, or another party, contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of the evidence standard.  *Dart Cherokee Basin Operating Co., LLC*, 135 S.Ct. at 553-554.

## III.    THE UNITED STATES DISTRICT COURT HAS JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

8.    On February 18, 2005, Congress enacted the Class Action Fairness Act of 2005 ("CAFA").  The CAFA gives United States District Courts original jurisdiction over civil class action lawsuits in which any member of the putative class is a citizen of a state different from any defendant, and in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and

3

NOTICE OF REMOVAL

costs.  28 U.S.C. § 1332(d)(2).  The CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.  While there are a number of exceptions to this rule of original jurisdiction contained in 28 U.S.C. §§ 1332(d)(3)-(5), no such exceptions apply here.

9.    There is no "presumption against removal" when a defendant seeks to remove pursuant to the CAFA.  *Dart Cherokee Basin Operating Co., LLC*, 135 S.Ct. at 554.

10.    This Court has original jurisdiction over this case under the CAFA, in that the case is a civil putative class action wherein the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state different than that of Prospect International Airport Services Corporation and Prospect Airport Services, Inc.  *See* 28 U.S.C. § 1332(d).

11.    Plaintiff's Complaint asserts all of his claims on behalf of a putative class consisting of "all current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment" (the "Putative Class").   *See* Complaint ¶ 13.  There are more than one hundred (100) such persons, and as such CAFA's exception for classes of fewer than one hundred (100) persons does not apply.  *See* 28 U.S.C. § 1332(d)(5)(B).

12.    Under 28 U.S.C. § 1453(b), a part of the CAFA, "a class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether a defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants."  CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens, when one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen, or when one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state.  *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).

13.    Plaintiff was, at the time of the filing of the Complaint, and remains as of the filing of this Notice of Removal, a resident and citizen of the State of California.  *See* Complaint ¶¶ 17, 18.

14.    A corporation is deemed to be a citizen of the state in which it is incorporated and where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  The phrase "principal place of

FP 41323304.1

business" "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This is the corporation's "nerve center." *Id.* at 78. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters. . ." *Id.* The headquarters is the place from which the corporation's business activities are directed, controlled, and coordinated. *Id.*

15. Defendant Prospect International Airport Services Corporation is now, and was at the time this action was commenced, a citizen of the State of Nevada. Declaration of Vicki Strobel ("Strobel Decl.") ¶ 4. During this time, the following has been the case with regard to Prospect International Airport Services Corporation: (a) it has been a Corporation, incorporated in and under the laws of the State of Nevada; (b) its core executive and administrative functions are primarily carried out of its company headquarters in Illinois; (c) its officers and directors direct the operations from its corporate headquarters in Illinois. Strobel Decl. ¶¶ 4-7, Ex. A. Therefore, Prospect International Airport Services Corporation is a citizen of the state of Nevada and Illinois. *Hertz Corp.*, 559 U.S. at 78.

16. Defendant Prospect Airport Services, Inc. is now, and was at the time this action was commenced, a citizen of the State of Illinois. Strobel Decl. ¶ 8. During this time, the following has been the case with regard to Prospect Airport Services, Inc.: (a) it has been a Corporation, incorporated in and under the laws of the State of Illinois; (b) its core executive and administrative functions are primarily carried out of its company headquarters in Illinois; (c) its officers and directors direct the operations from its corporate headquarters in Illinois. Strobel Decl. ¶¶ 8-11, Ex. B. Therefore, Prospect Airport Services, Inc. is a citizen of the state of Illinois. *Hertz Corp.*, 559 U.S. at 78.

17. Based upon the foregoing, minimal diversity is established because at all times Plaintiff has been a citizen of California, Prospect International Airport Services Corporation has been a citizen of Nevada and Illinois, and Prospect Airport Services, Inc. has been a citizen of Illinois. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a), (b); *Hertz Corp.*, 559 U.S. at 78. There are no other named co-defendants in this action. And, in any event, consent of co-defendants is not required for removal under the CAFA. 28 U.S.C. § 1453(b*); United Steel, et al. v. Shell Oil Co.*, 549 F.3d 1204, 1208-1209 (9th Cir. 2008).

18. Because Plaintiff is a citizen of California and Defendants are a citizen of Nevada and

FP 41323304.1

Illinois, complete diversity of citizenship exists.

19.     Section 28 U.S.C. § 1332(d) (a part of the CAFA) authorizes the removal of class action cases in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million.  Plaintiff's Complaint alleges that the amount in controversy of his claims and the claims of those whom she seeks to represent exceeds $25,000.  However, because such a claim amounts to a baseless attempt by a class representative to limit the scope of relief available to the class, such bald assertions of the amount in controversy have no weight.  *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013).  Where, as here, a defendant believes a plaintiff's allegations understate the amount in controversy, the defendant can meet its burden on removal to establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal.  *See Dart Cherokee Basin Operating Co.*, 135 S.Ct. at 554-555; *Ibarra*, 775 F.3d at 1195.  In determining the amount in controversy for CAFA, all potential damages based on the claims in the Complaint, as well as attorneys' fees, are properly included.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

20.     The "Amount in Controversy" requirement is met here based on the following:

(a)     Unpaid Overtime Wages

Plaintiff's First Cause of Action alleges that Defendants failed to pay class members for all overtime wages earned.  Complaint ¶¶ 52-55.  In general, Plaintiff's unpaid wages claim is subject to a three-year limitation period.  *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1105-1114 (2007).  However, given that Plaintiff also seeks remedies under California's Unfair Competition Law, Plaintiff's claim for unpaid wages is subject to a four-year limitation period.  Cal. Bus. & Prof. Code § 17208.  The class data reveals that there are approximately 825 members of the Putative Class in California, who worked a total of approximately 119,600 workweeks since June 18, 2017 who earned an average of approximately $17.65 per hour.  Strobel Decl. ¶¶ 12-13.  Such employees generally worked a schedule consisting of five eight-hour workdays for approximately 48 weeks per year (accounting for vacations, leaves, and illness).  *Id.*  Based on those figures and assuming that each employee worked one hour of unpaid overtime, the amount of damages put at issue on Plaintiff's unpaid overtime claim is $3,167,008 ($26.48 [average overtime rate] x 1 hours per week x 119,600

6

workweeks).

(b)    Unpaid Meal Period Premiums

Plaintiff's Second Cause of Action alleges that Defendants failed to pay class members meal period premiums for all missed meal periods.  Complaint ¶¶ 28, 63, 64.  In general, Plaintiff's unpaid meal period premiums claim is subject to a three-year limitation period.  *Murphy*, 40 Cal. 4th at 1105-1114.  However, given that Plaintiff also seeks remedies under California's Unfair Competition Law, Plaintiff's claim for unpaid meal period premiums is subject to a four-year limitation period.  Cal. Bus. & Prof. Code § 17208.  Based on the same data as above and assuming that each employee missed one meal period per shift, the amount of damages put at issue on Plaintiff's meal period claim is $2,795,760 (825 persons x 4 years x 48 weeks x 1 shift x $17.65 per hour).

(c)    Unpaid Rest Period Premiums

Plaintiff's Third Cause of Action alleges that Defendants failed to pay class members rest period premiums for all missed rest periods.  Complaint ¶¶ 29, 72, 73.  In general, Plaintiff's unpaid rest period premiums claim is subject to a three-year limitation period.  *Murphy*, 40 Cal. 4th at 1105-1114. However, given that Plaintiff also seeks remedies under California's Unfair Competition Law, Plaintiff's claim for unpaid rest period premiums is subject to a four-year limitation period.  Cal. Bus. & Prof. Code § 17208.  Based on the same data as above and assuming that each employee missed one rest period per shift, the amount of damages put at issue on Plaintiff's meal period claim is $2,795,760 (825 persons x 4 years x 48 weeks x 1 shift x $ 17.65 per hour).

(d)    Unpaid Minimum Wage Claim

Plaintiff's Fourth Cause of Action alleges that Defendants failed to pay minimum wage to Plaintiff and other class members.  Complaint ¶¶ 78-81.  In general, Plaintiff's unpaid minimum wage claim is subject to a three-year limitation period.  *Murphy*, 40 Cal. 4th at 1105-1114.  However, given that Plaintiff also seeks remedies under California's Unfair Competition Law, Plaintiff's claim for unpaid minimum wage is subject to a four-year limitation period.  Cal. Bus. & Prof. Code § 17208. Based on the same data as above and assuming that there was 15 minutes of uncompensated time for the 119,600 workweeks, the amount of damages put at issue on Plaintiff's unpaid minimum wage claim is $418,600 (119,600 workweeks x .25 hour x $14.00).

NOTICE OF REMOVAL

FP 41323304.1

(e)     Waiting Time Penalty Claim

Plaintiff's Fifth Cause of Action alleges that Defendants failed to pay class members all wages due at the time of termination resulting in a penalty of 30 day's pay at the employees' daily rate of pay. Complaint ¶¶ 85, 87.  Plaintiff's waiting time claim is subject to a three-year limitation period.  *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1398 (2010).  The "daily rate of pay" is the employees' typical number of hours worked per day, multiplied by the hourly rate, in this case on average 8 hours x $17.65 or $141.20.  *See* Cal. Labor Code § 203.  At least 230 putative class members separated from employment with Defendants during the relevant period.  Thus, the amount placed at issue by this claim is at least $974,280 (230 persons x 30 days x $141.20 per day).

(f)     Wage Statement Penalties

On Plaintiff's claim for failure to provide accurate, itemized wage statements (Complaint ¶¶ 37-41), Plaintiff may claim penalties in the amount of $50 for the initial pay period, plus $100 for each additional pay period, to a maximum of $4,000 per employee, with a one-year limitation period.  Cal. Lab. Code § 226(e); Cal. Code Civ. Proc. § 340(a).  There were at least 590 members of the Putative Class employed by Defendants, for a full year prior to the date of the filing of the Complaint on June 18, 2021, and all such persons were paid bi-weekly.  During such time period, there have been at least twenty-six (26) bi-weekly pay periods.  As such, at least the following amount is put at issue by Plaintiff's wage statement claim:  590 x $4,000 = $2,360,000.[1]

(g)     Unreimbursed Business Expense Claim

Plaintiff's Ninth Cause of Action alleges that Defendants failed to reimburse class members for all necessary business-related expenses and costs.  Complaint ¶¶ 108-110.  Plaintiff's unreimbursed business expense claim is subject to a three-year limitation period.  *Murphy*, 40 Cal. 4th at 1105-1114. Based on the same data as above and assuming that each employee incurred $5.00 per workweek in unreimbursed business expenses, the amount of damages put at issue on Plaintiff's unreimbursed business expense claim is $598,000 (119,600 workweeks x $5.00 per workweek).

---

[1] Because these 590 putative class members were employed for the full year prior to the filing of Plaintiff's Complaint, each would allegedly be entitled to the statutory maximum penalty of $4,000 per employee.

NOTICE OF REMOVAL

FP 41323304.1

(h)   Attorneys' Fees

As such, the total amount potentially put at issue by Plaintiff's claims, without counting for his attorneys' fees, is $3,167,008 + $2,795,760 + $2,795,760 + $418,600 + $974,280 + $2,360,000 + $598,000 = $13,109,408. It is well-settled that in determining whether a complaint meets the amount in controversy requirement, the Court should consider attorneys' fees. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 200-202 (1933) (attorneys' fees may be taken into account to determine jurisdictional amount where statute authorizes prevailing party attorney fees); *see also* Cal. Lab. Code §§ 218.5, 226(e)(1) (providing for attorney fees for a prevailing plaintiff on claims for wages in improper wage statements). What is more, including an additional 25% for attorneys' fees has been found warranted in class actions. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). For purposes of considering fees for the amount in controversy, the attorneys' fees are not limited to only those incurred prior to removal but also what plaintiff may recover after removal. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018). Plaintiff's theoretical attorneys' fees on his claims alone would amount to an additional $3,277,352. Thus, the total amount in controversy without including Plaintiff's sixth cause of action (wages not timely paid during employment) and eighth cause of action (failure to keep requisite payroll records) is $16,386,760.

21.   By removing this matter, Defendants do not waive and, to the contrary, reserves, any rights it may have including, without limitation, all available arguments and defenses. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

**IV.   NOTICE, SERVICE, AND OTHER REQUIREMENTS ARE MET**

22.   The Complaint also names Defendants Does 1 through 100, inclusive ("Doe Defendants"). Unnamed defendants sued as Does are not required to join in a removal notice, and their citizenship is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1); *Fristos v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980). Accordingly, the citizenship of the alleged Doe Defendants does not impact the diversity analysis for removal.

23.   As required by 28 U.S.C. § 1446(b), this Notice was filed within 30 days after Defendants were first served with a copy of Plaintiff's Summons and Complaint.

NOTICE OF REMOVAL

FP 41323304.1

24.    In accordance with 28 U.S.C. § 1446(d), Defendants will promptly provide notice of this removal to Plaintiff through his attorneys of record, and Defendants will promptly file a copy of this Notice of Removal with the Superior Court of the State of California, in and for the County of San Mateo.

## V.    INTRADISTRICT ASSIGNMENT

25.    Assignment to the San Francisco or Oakland Division is proper because the state action filed by Plaintiff is pending in San Mateo County Superior Court and arose in San Mateo County.  28 U.S.C. §§ 1441(a), 1446(a); Local Rule 3-2(d).

26.    In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants request that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal, and to produce supporting evidence.

Dated:  August 12, 2021                          Respectfully submitted,

FISHER & PHILLIPS LLP


By:    /s/ *Andrew Saxon*
Jason A. Geller
Andrew E. Saxon
Kevin L. Quan
Attorneys for Defendants
PROSPECT INTERNATIONAL AIRPORT
SERVICES CORPORATION and PROSPECT
AIRPORT SERVICES, INC.

10
NOTICE OF REMOVAL

FP 41323304.1