Edwin Aiwazian (Cal. State Bar No. 232943)
    *edwin@calljustice.com*
Arby Aiwazian (Cal. State Bar No. 269827)
    *arby@calljustice.com*
Aram Boyadjian (Cal. State Bar No. 334009)
    *aram@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Telephone:   (818) 265-1020
Facsimile:    (818) 265-1021

*Attorneys for* Plaintiff Luis R. Chavarria Ramirez

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS R. CHAVARRIA RAMIREZ, individually, and on behalf of other members of the general public similarly situated; <br><br> Plaintiff, <br><br> vs. <br><br> PROSPECT INTERNATIONAL AIRPORT SERVICES CORPORATION, a Nevada corporation; PROSPECT AIRPORT SERVICES, INC., an unknown business entity; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: 4:21-cv-06250-YGR <br><br> Honorable Yvonne Gonzalez Rogers <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:              October 19, 2021 <br> Time:             2:00 PM <br> Courtroom:    1 – 4th Floor <br><br><br> Complaint Filed:    June 18, 2021 <br> Trial Date:          None Set |

Running left margin: **LAWYERS *for* JUSTICE, PC** / 410 West Arden Avenue, Suite 203 / Glendale, California 91203

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2      PLEASE TAKE NOTICE that on **October 19, 2021** at **2:00 p.m.**, or as soon thereafter as

3  may be heard in Courtroom 1 of the United States District Court for the Northern District of

4  California, located at Ronald V. Dellums United States Courthouse, 1301 Clay Street, Oakland,

5  California 94612, Plaintiff Luis R. Chavarria Ramirez ("Plaintiff") will and hereby does move

6  for an order remanding this action to the San Mateo County Superior Court.

7      Plaintiff moves for remand pursuant to 28 U.S.C. § 1447 on the ground that this Court

8  does not have removal jurisdiction over this case.  Defendants Prospect International Airport

9  Services Corporation and Prospect Airport Services, Inc. improvidently removed this action from

10  state court pursuant to the Class Action Fairness Act of 2005, codified at 28 U.S.C. § 1332(d)

11  ("CAFA").  This Court lacks subject matter jurisdiction under CAFA because Defendants have

12  failed to prove by a preponderance of the evidence that the total amount in controversy exceeds

13  the sum of $5,000,000 as required for jurisdiction under CAFA.  As a result, Plaintiff seeks

14  remand to the Superior Court for the County of San Mateo, where this case was originally filed

15  and where it rightfully belongs.

16      Plaintiff's Motion is based on this Notice, the Memorandum of Points and Authorities,

17  the Declaration of Aram Boyadjian, any documents Plaintiff may subsequently file, all other

18  pleadings and papers on file in this action, and any oral argument or other matter that may be

19  considered by the Court.

20

21  Dated: September 13, 2021                    **LAWYERS *for* JUSTICE, PC**

22

23                              By:  /s/ Aram Boyadjian
                                     Aram Boyadjian
24                                   *Attorneys for* Plaintiff

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAWYERS _for_ JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

# TABLE OF CONTENTS

I.      INTRODUCTION ....................................................................................... 1

II.     STATEMENT OF FACTS ......................................................................... 2

III.    LEGAL STANDARDS.............................................................................. 2

        A.      The Ninth Circuit Requires a Removing Party to Demonstrate Removal
                Jurisdiction by a Preponderance Standard ..................................... 2

        B.      Defendants Must Meet a Heavy Burden to Justify Removal Jurisdiction............. 3

        C.      Only the Complaint and Summary Judgment Type Evidence May Be Used
                to Prove the Amount in Controversy ................................................ 3

IV.     ARGUMENT.............................................................................................. 4

        A.      This Motion is Timely Filed Pursuant to Federal Rules of Civil Procedure
                6 .................................................................................................... 4

        B.      Defendants Fail to Prove by a Preponderance of the Evidence that the
                Amount in Controversy Exceeds $5 Million CAFA Removal Jurisdiction ........... 4

                1.      Defendants' Declaration Relies on Improper Assumptions and
                        Calculations ..................................................................... 4

                2.      Defendants Did Not Provide Competent Evidence of the Number
                        of Class Members, the Number of Workweeks or Workdays, or the
                        Average Rate of Pay ......................................................... 5

                        a.      Defendants' Number of Putative Class Members is
                                Unsupported ........................................................ 6

                        b.      Defendants' Figures For Workweeks and Hours Worked
                                are Baseless......................................................... 7

                        c.      Defendants' Calculations For the Putative Class Members'
                                Average Rate of Pay is Unsupported and Without Basis .............. 8

                3.      Defendants' Calculation of Overtime Compensation is
                        Unreasonable .................................................................... 9

                4.      Defendants' Estimates for Unpaid Meal and Rest Period Premiums
                        Are Baseless ................................................................... 11

i

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

5.    Defendants' Calculations of Unpaid Minimum Wages is Without Basis ................................................................ 14

6.    Defendants' Calculations of Waiting Time Penalties Is Inflated and Unsupported ..................................................... 15

7.    Defendant's Calculation of Wage Statement Penalties is Unsupported ................................................................. 16

8.    Defendants' Asserted Figure of Unreimbursed Business Expenses is Unsupported ................................................. 17

9.    Defendants' Asserted Amount in Controversy for Attorneys' Fees is Flawed and Based on Defendants' Unsupported Calculations Above .......................................................................... 17

V.    CONCLUSION.......................................................................... 18

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

# TABLE OF AUTHORITIES

**Cases**

*Altamirano v. Shaw Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600 (N.D. Cal. June 14, 2013) ........................................................................................................................ 10

*Amoche v. Guarantee Trust Life Insurance Company*, 556 F.3d 41 (1st Cir. 2009)...................... 5

*Andersen v. The Schwan Food Co.*, No. C 13-2362 PJH, 2013 WL 3989562 (N.D. Cal. Aug. 2, 2013) ........................................................................................................................ 10

*Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) ........................................ 12, 17

*Armstrong v. Ruan Transp. Corp.*, No. EDCV 16-1143-VAP (SPx), 2016 WL 6267931 (C.D. Cal. Oct. 25, 2016).................................................................................................. 12, 13

*Beck v. Saint-Gobain Containers, Inc.*, No. 2:16-cv-03638-CAS-SK, 2016 WL 4769716 (C.D. Cal. Sep. 12, 2016) .......................................................................................................... 16

*Boggs v. Lewis*, 863 F.2d 662 (9th Cir. 1988) .......................................................................... 3

*Brancaccio v. Knauf Insulation, Inc.*, CV 20-01439- CJC(AGRx), 2020 WL 1686253 (C.D. Cal. Apr. 7, 2020) .................................................................................................................. 10

*Brown v. Chipotle Mexican Grill, Inc.*, No. 16-CV-00174-EMC, 2016 WL 3402619 (N.D. Cal. June 21, 2016) .................................................................................................................. 9

*Castillo v. Trinity Services Group, Inc.*, No. 119CV01013DADEPG, 2020 WL 3819415 (E.D. Cal., July 8, 2020)............................................................................................ 13, 18

*Cisneros v. Lerner N.Y., Inc.*, No. 2:16-cv-02722-CAS(Ex), 2016 WL 4059612 (C.D. Cal. July 25, 2016) .......................................................................................................................... 16

*Coit v. Fid. Assur. Assocs., LLC*, No. C 08-02585 JSW, 2008 WL 3286978 (N.D. Cal. Aug. 6, 2008) .......................................................................................................................... 7

*Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. Feb. 10, 1998) .......................................................................................................................... 3

*Contreras v. J.R. Simplot Co.*, No. 217CV00585KJMEFB, 2017 WL 4457228 (E.D. Cal. Oct. 6, 2017) .......................................................................................................................... 4

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) ............................... 3

*Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996) .................................................................... 2

*Dupre v. GM*, No. CV- 10-00955-RGK(Ex), 2010 WL 3447082 (C.D. Cal. Aug. 27, 2010) ..... 16

*Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988).................................................. 3

iii

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO
28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*Farley v. Dolgen California LLC*, No. 216CV02501KJMEFB, 2017 WL 3406096 (E.D. Cal. Aug. 9, 2017) ................................................................................................ 5

*Frias-Estrada v. Trek Retail Corp.*, No. 20-CV-07471-RS, 2021 WL 1558743 (N.D. Cal. Apr. 19, 2021) .............................................................................................. 17

*Frias-Estrada v. Trek Retail Corp.*, No. 20-cv-07471-RS, 2021 WL 1558743, at 2 (N.D. Cal. April 19, 2021) ......................................................................................... 6, 7

*Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018) .................. 18

*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998) ...................................... 18

*Garibay v. Archstone Communities LLC*, 539 Fed.Appx. 763 (9th Cir. 2013) ...................... 4, 15

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ............................................. 2, 3, 9

*Harris v. KM Indus., Inc.*, 980 F.3d 694 (9th Cir. 2020) ........................................ 11

*Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193 (9th Cir. 2015) ........................... 3, 4, 10, 13, 14

*Jimenez v. Menzies Aviation, Inc.*, No. C 10-03477 SBA, 2013 WL 1411228 (N.D. Cal. Apr. 8, 2013) ......................................................................................... 9

*Kohsuwan v. Dynamex, Inc.*, No. SACV121990FMOJPRX, 2013 WL 12403492 (C.D. Cal. Aug. 13, 2013) ...................................................................................... 9

*Ling v. Duravent*, No. 2:19-CV-01903-MCE-AC, 2020 WL 1274511 (E.D. Cal. Mar. 17, 2020)8, 10, 14

*Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir. 2007) ........................ 15, 16, 17

*Martinez v. Morgan Stanley & Co. Inc.*, No. 09CV2937-L(JMA), 2010 WL 3123175 (S.D. Cal. Aug. 9, 2010) ..................................................................................... 13

*Mix v. Allstate Ins. Co.*, No. CV 00–835 RCTX, 2000 WL 1449880, *1 (C.D. Cal. Apr. 19, 2000) ......................................................................................... 3

*Moreno v. Ignite Rest. Grp.*, No. C 13-05091 SI, 2014 WL 1154063 (N.D. Cal. Mar. 20, 2014) ....................................................................................... 10, 14, 16

*Nolan v. Kayo Oil Co.*, No. C 11–00707 MEJ, 2011 WL 2650973 (N.D. Cal. Jul. 6, 2011) ....... 11

*Ramirez v. Benihana Nat'l Corp.*, No. 18-CV-05575-MMC, 2019 WL 131843 (N.D. Cal. Jan. 8, 2019) ...................................................................................... 18

*Rivers v. Veolia Transportation Servs., Inc.*, No. 14-CV-2594 YGR, 2014 WL 3945789 (N.D. Cal. Aug. 11, 2014) ................................................................................ 11

*Rodriguez v. AT&T Mobility Servs. LLC*, 728 F. 3d 975 (9th Cir. 2013) ........................... 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

iv

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO**
**28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*Ruby v. State Farm Gen. Ins. Co.*, 2010 U.S. Dist. LEXIS 88812  (N.D. Cal. Aug. 4, 2010) ..... 12

*Salazar v. PODS Enters.*, LLC, No. 19-cv-260-MWF-KKx, 2019 WL 2023726 (C.D. Cal. May 8, 2019) ................................................................................................................................ 18

*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996) ...................................... 3, 6

*Sanchez v. WaveDivision Holsings, LLC* (No. 18-cv-02439-VC, 2018 WL 3343589, at *1 (N.D. Cal. July 9, 2018) ............................................................................................................................ 4

*Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373 (9th Cir. 1997) ............................... 3, 17

*Smith v. Diamond Resorts Mgmt.*, 2016 U.S. Dist. LEXIS 11063 (C.D. Cal. Jan. 29, 2016) ...... 12

*Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062 (N.D. Cal. 2018) ...................... 10, 11

*Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815 (9th Cir. 1985) ................................................. 3

*Taylor v. United Rd. Servs., Inc.*, 313 F. Supp. 3d 1161 (E.D. Cal. 2018) .................................. 9

*Vigil v. HMS Host USA, Inc.*, No. C 12–02982 SI, 2012 WL 3283400 (N.D. Cal. Aug. 10, 2012) ................................................................................................................................................... 11

*Weston v. Helmerich & Payne Inter. Drilling Co.*, No. 1:13-CV-01092-LJO, 2013 WL 5274283 (E.D. Cal. Sept. 17, 2013) ............................................................................................ 6, 12, 16

*Williams v. ETC Inst.*, No. 18-CV-01011-MEJ, 2018 WL 3105117 (N.D. Cal. June 25, 2018) .. 14

*Wilson v. IKEA North America Services, LLC*, No. CV 20-09075-CJC (ASx), 2020 WL 7334486 (C.D. Cal. Dec. 14, 2020) ................................................................................................... 11

*Young v. Novartis Pharms. Corp.*, No. 17-CV-04390-EMC, 2017 WL 4638664 (N.D. Cal. Oct. 16, 2017) .......................................................................................................................... 14

**Statutes**

28 U.S.C. § 1332(d) ................................................................................................................... i

28 U.S.C. § 1441 ....................................................................................................................... 2

28 U.S.C. § 1447 ....................................................................................................................... i

Cal. Lab. Code § 1182.12 ........................................................................................................ 15

Fed. R. Civ. P. 6 ........................................................................................................................ 4

Fed. R. of Evid. 602 .................................................................................................................. 6

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO
28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendants Prospect International Airport Services Corporation and Prospect Airport Services, Inc., (collectively, "Defendants") removal is devoid of factual support.  Despite having access to employment records for the putative class, Defendants fail to demonstrate that their amount in controversy calculations are based on actual figures and reasonable assumptions. Defendants contend that the amount in controversy exceeds $5,000,000 and that the Court has jurisdiction under the Class Action Fairness Act of 2005, codified at 28 U.S.C. § 1332(d) ("CAFA").    Without reliable evidence regarding the number of putative class members, workdays, meal period violations, rest period violations, waiting time penalties, inaccurate wage statements, and the amount of unpaid wages, and without any showing that their estimates are reasonable, Defendants simply speculate that ***all*** putative class members were not paid for one hour of overtime each week that they worked, that ***all*** putative class members missed one meal period and one rest period per shift, and that ***all*** putative class members were not reimbursed for $5 of business expenses each week that they worked.  (Dkt. No. 1, P. 6-8).  Defendants also "assum[e] that there was 15 minutes of uncompensated time for the 119,600 workweeks" at a minimum wage rate of $14.00.  (Dkt. No. 1, P. 7).

Next, Defendants assume that "at least 230 putative class members" who left Defendants' employment within the relevant period seek the statutory ***maximum*** waiting time penalties and a ***100 percent violation rate*** and ***maximum*** penalties for 590 putative class members for Defendants' failure to provide accurate wage statements.  (Dkt. No. 1, P. 8).  Finally, Defendants assume that attorneys' fees will amount to 25% of Defendants' alleged amount in controversy, or $3,277,352.  (Dkt. No. 1, P. 9).

Plaintiff's Complaint does not support these baseless assumptions; nor do Defendants present sufficient evidence to support these assumptions.  Defendants' Notice of Removal is based on a misinterpretation of case law and the relevant statutes, and figures pulled from thin air.  The Ninth Circuit has made clear that a removing party must support all assertions about the amount in controversy with summary-judgment-type evidence.  Defendants' here failed to meet

1

1   that burden to establish the amount in controversy under CAFA.  Therefore, Plaintiff respectfully

2   requests that this case be remanded to the Superior Court for the County of San Mateo.

3   **II.  STATEMENT OF FACTS**

4           Plaintiff filed this action on June 18, 2021 in the San Mateo County Superior Court.

5   (Dkt. No. 1-1, Exh. A, "Complaint").   Plaintiff's Complaint contains ten causes of action for

    violations of the California Labor and Business & Professions Codes. (Dkt. No. 1-1, Exh. A).

6           Plaintiff seeks to certify the following class:

7           All current and former hourly-paid or non-exempt employees who worked for any of the
            Defendants within the State of California at any time during the period from four years
8           preceding the filing of this Complaint to final judgment.

9           (Dkt. No. 1-1, Exh. A, ¶ 13).

10          On August 12, 2021, Defendants filed their answer in the San Mateo County Superior

11  Court.  (Dkt. No. 1-5, Exh. E, "Defendants' Answer").  On August 12, 2021, Defendants filed

12  their Notice of Removal.  (Dkt. No. 1).  On September 7, 2021, Plaintiff's counsel sent an e-mail

13  correspondence to Defendants' counsel regarding the perceived deficiencies in Defendants'

14  Answer, and to indicate that Plaintiff intended to file a motion to remand.  (Declaration of Aram

    Boyadjian in Support of Plaintiff's Motion to Remand Pursuant to U.S.C. § 1447 ["Boyadjian

15  Decl."], ¶¶ 1-2, Exh. A).  On September 10, 2021, Defendants' counsel responded stating that

16  Defendants would not withdraw their Notice of Removal.  (Boyadjian Decl., ¶ 3, Exh. B).  Thus,

17  Plaintiff had no reasonable alternative but to file this Motion to Remand.

    **III.  LEGAL STANDARDS**

18      **A.   The Ninth Circuit Requires a Removing Party to Demonstrate Removal**

19           **Jurisdiction by a Preponderance Standard**

20          A federal court may exercise removal jurisdiction only if jurisdiction existed over the suit

21  as originally brought by the plaintiff.  (28 U.S.C. § 1441.)  "Federal jurisdiction must be rejected

22  if there is any doubt as to the right of removal in the first instance."  (*Gaus v. Miles, Inc.*, 980

    F.2d 564, 566 (9th Cir. 1992); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).)

23  Courts "strictly construe the removal statute against removal jurisdiction."  (*Gaus*, 980 F.2d at

24

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

2

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

566 (*citing Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988);  *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).)

**B.**     **Defendants Must Meet a Heavy Burden to Justify Removal Jurisdiction**

Upon the filing of a motion to remand, the party invoking the removal statute bears the burden of establishing that federal jurisdiction exists.  (*Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).)  "Evidence establishing the amount [in controversy] is required where, as here," Defendants' "assertion of the amount in controversy is contested by" Plaintiff. (*Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).)  Defendants bear the burden of proving the propriety of federal court jurisdiction by "a preponderance of the evidence." (*Rodriguez v. AT&T Mobility Servs. LLC*, 728 F. 3d 975, 977 (9th Cir. 2013).)   Under this burden, a defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."  (*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).)  In a removal dispute, the defendant has not only "the burden to put forward evidence showing that the amount in controversy exceeds $5 million," but also the burden "to persuade the court that the estimate of damages in controversy is a reasonable one." (*Ibarra*, 775 F.3d at 1197.)  Thus, a removing party "cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions."  (*Id.*)

**C.**     **Only the Complaint and Summary Judgment Type Evidence May Be Used to Prove the Amount in Controversy**

In attempting to satisfy its burden, a defendant must offer nothing less than competent evidence.  (*Gaus*, 980 F.2d at 567.)  To demonstrate the requisite amount in controversy, parties may submit "summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  (*Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).)  It is well-settled in the Ninth Circuit that "[a] speculative argument regarding the potential value of the [amount in controversy] is insufficient."  (*Mix v. Allstate Ins. Co.*, No. CV 00–835 RCTX, 2000 WL 1449880, *1 (C.D. Cal. Apr. 19, 2000) (*quoting Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. Feb. 10, 1998)); *see also Ibarra*,

1   775 F.3d at 1197 (a defendant "cannot establish removal jurisdiction by mere speculation and

2   conjecture, with unreasonable assumptions").)

3   **IV. ARGUMENT**

       **A.**     <u>**This Motion is Timely Filed Pursuant to Federal Rules of Civil Procedure 6**</u>

4

5        Defendants filed their Notice of Removal on August 12, 2021.  (Dkt. No. 1). Pursuant to

   U.S.C. § 1447(c) and Federal Rule of Civil Procedure, Rule 6(a)(1)(C), Plaintiff has satisfied the

6   deadline to file its Motion to Remand thirty (30) days from the date Defendants filed their Notice

7   of Remand by filing this Motion on September 13, 2021.

8       **B.**     <u>**Defendants Fail to Prove by a Preponderance of the Evidence that the**</u>

             <u>**Amount in Controversy Exceeds $5 Million CAFA Removal Jurisdiction**</u>

9

          *1. Defendants' Declaration Relies on Improper Assumptions and Calculations*

10

11        Defendants rely upon the Declaration of Vicki Strobel, President and Chief Executive

   Officer for Defendants.  (Dkt. No. 1-7, Declaration of Vicki Strobel, "Strobel Declaration").  The

12   Strobel Declaration does not satisfy the requisite preponderance of the evidence standard to

13   warrant removal.  Defendants did not provide the business records Ms. Strobel relied upon.

   Instead, the Strobel Declaration includes thirteen paragraphs, only one of which substantively

14   address the figures in Defendant's Removal Notice.  The Strobel Declaration fails to provide

15   evidence regarding how Defendants reached the number of putative class members, workweeks,

16   the average rate of pay, the number of former employees who experienced waiting time

17   penalties, the number of wage statement violations, etc.  (Dkt. No. 1-7, ¶ 13).  The declaration

18   fails to support any assumptions about the "alleged violation rates."  (*Sanchez v. WaveDivision*

19   *Holdings, LLC* (No. 18-cv-02439-VC, 2018 WL 3343589, at *1 (N.D. Cal. July 9, 2018).)

20        Courts hold that "[a] defendant's amount in controversy calculation is unjustified where

21   the only evidence the defendant provides is a 'declaration by [its] supervisor of payroll, which

   sets forth only the number of employees during the relevant period, the number of pay periods,

22   and general information about hourly employee wages.'" (*Contreras v. J.R. Simplot Co.*, No.

23   217CV00585KJMEFB, 2017 WL 4457228, at *3 (E.D. Cal. Oct. 6, 2017) (*quoting Garibay v.*

24   *Archstone Communities LLC*, 539 Fed.Appx. 763, 764 (9th Cir. 2013); *see also Farley v. Dolgen*

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO**
**28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*California LLC*, No. 216CV02501KJMEFB, 2017 WL 3406096, at *3 (E.D. Cal. Aug. 9, 2017) (finding defendant failed to meet its burden under CAFA by relying on a Workforce Reporting Analyst's declaration regarding the average salary without providing any other corroborating evidence).) Defendants' failure to provide competent evidence is particularly inexcusable given that Defendants, as the employer, have ready access to all facts, records, and information necessary to make a showing on the matter.[1] Defendants could have provided the Court and Plaintiff with the payroll records they reviewed but decided not to. The Declaration primarily regards Defendants' citizenship and principal place of business. (Dkt. No. 1-7, ¶¶ 8-11).

The Strobel Declaration is replete with qualifying and conditional language such as "I am familiar with the *general* operations and business structure," "I have knowledge and understanding of Defendants' payroll and human resources practices," that Ms. Strobel "ha[s] reviewed" Plaintiff's Complaint, and that there are "*approximately* 825 Putative Class Members who worked a total of *approximately* 119,600 workweeks." (Dkt. No. 1-7, ¶¶ 1, 2, 12) (emphasis added). The Strobel Declaration also presents that employees "worked at least for an average of approximately 48 weeks per year," and provides no indication as to whether those employees worked full time, part time, or full week schedules. (Dkt. No. 1-7, ¶ 13). Such assertions, without documentary records or financial documents, cannot satisfy the amount in controversy requirement. As Defendants have not satisfied this threshold, this Court lacks jurisdiction.

>    2.    *Defendants Did Not Provide Competent Evidence of the Number of Class*
>          *Members, the Number of Workweeks or Workdays, or the Average Rate of Pay*

Defendants fail to provide competent evidence supporting, inter alia, the number of putative class members, the number of workweeks or workdays, or putative class members' average rate of pay. The only "evidence" Defendants provide are assumptions contained within Defendants' Notice of Removal and the Strobel Declaration. As such, Defendants' claim that the

---

[1] California Labor Code §§ 226, 432, 433, and 1198.5 require that a California employer retain copies of employee itemized wage statements, attendance records, performance evaluations, and documents relating to the obtaining or holding of employment. In ruling on motions to remand, the Court should consider "which party has better access to the relevant information." *Amoche v. Guarantee Trust Life Insurance Company*, 556 F.3d 41, 51 (1st Cir. 2009).

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO**
**28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

amount in controversy exceeds $5 million is wholly insufficient. Defendants' Removal asserts that there are "approximately 825 members of the Putative Class" who worked a total of "119,600 workweeks," and who "generally worked a schedule consisting of five eight-hour workdays for approximately 48 weeks per year (accounting for vacations, leaves, and illness)." (Dkt. No. 1, P. 6, ¶ 20(a)). Defendants base these approximations on their own self-described assumptions and calculations that Ms. Strobel states she has "personal knowledge" of and is "familiar with." (Dkt. No. 1-7, ¶¶ 1, 2, 3). Aside from such unverifiable language, Defendants' Removal lacks sufficient attestation as to how such specific data was ascertained and verified.

It is unclear whether Defendants made their own calculations based on data from employment records, recited information appearing on employment records, obtained calculations from other sources, or derived figures from mere speculation. Defendants do not sufficiently disclose what, if any, information Defendants received from their records to determine, inter alia, the number of putative class members and the number of workweeks. Federal Rule of Evidence 602 provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Defendants have failed to present such evidence to support their asserted amount in controversy. (*See Sanchez, supra,* 102 F.3d at 404; *Weston v. Helmerich & Payne Inter. Drilling Co.,* No. 1:13-CV-01092-LJO, 2013 WL 5274283, at *3 (E.D. Cal. Sept. 17, 2013).)

a.    Defendants' Number of Putative Class Members is Unsupported

Defendants assert that the number of putative class members consists of "approximately 825 members." (Dkt. No. 1, P. 6). The Strobel Declaration also recites "[t]here are approximately 825 Putative Class Members." (Dkt. No. 1-7, ¶ 13). Defendants have failed to provide the documents relied upon in their declaration, nor do Defendants provide any information to determine how Defendants reached the number of 825 putative class members. Defendants provide no formulas, calculations, nor documentation that can confirm the number of putative class members Defendants present. Defendant also fails to state the process for determining the number of employees. (*Frias-Estrada v. Trek Retail Corp.*, No. 20-cv-07471-RS, 2021 WL 1558743, at 2 (N.D. Cal. April 19, 2021).) This is only an approximation, not a

6

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   solidified calculation.  There is no indication in the Notice of Removal as to the length of

2   employment for these putative class members or whether this figure includes all current and

3   former hourly-paid employees who worked for Defendants within the relevant period.  Further,

4   most of Defendants' calculations rely on 825 putative class members.  (*See Coit v. Fid. Assur.*

5   *Assocs., LLC*, No. C 08-02585 JSW, 2008 WL 3286978, at *4 (N.D. Cal. Aug. 6, 2008)

6   (granting a plaintiff's motion to remand on grounds that the defendant failed to sufficiently

7   support "their claim that CAFA's numerosity requirement is met.").)

        b.    <u>Defendants' Figures For Workweeks and Hours Worked are Baseless</u>

8          Defendants assert that putative class members worked "approximately 119,600

9   workweeks" and that "employees generally worked a schedule consisting of five eight-hour

10  workdays for approximately 48 weeks per year (accounting for vacations, leaves, and illnesses)."

11  (Dkt. No. 1, P. 6).  Defendants claim that 48 workweeks per year "account[s] for vacations,

12  leaves, and illnesses."  (Dkt. No. 1-7, P. 6).  First, the number of weeks and hours Defendants

13  present are flawed because they rely on Defendants' baseless calculation of 825 class members.

14  Second, Defendants' Declaration does not adequately notify Plaintiff of exactly how these

15  workdays or workweeks were counted.  (*Frias-Estrada*, 2021 WL 1558743, at 2.)  Defendants

16  provide no formula or calculation to indicate how 825 putative class members who work a

17  supposed average of 48 weeks each year for approximately four years amounts to 119,600

18  workweeks.  Defendants also conclusively assert that assuming putative class members worked

19  48 weeks per year is sufficient to account for "vacations, leaves, and illnesses."  (Dkt. No. 1-7, ¶

20  13).  Defendants have provided no explanation as to whether 4 weeks is an appropriate reduction

21  of weeks per year to encompass discrepancies that exist amongst class members.

22         Courts have held that a defendant's notice of removal was "too conjectural to meet their

23  burden of proving that the amount in controversy [] exceeds $5,000,000" because the

24  defendant's estimated the putative class size at 350 individuals "with average hourly wages

exceeding $16.50 per hour" without further evidence, such as "how many employees were

permanent or temporary, or how many weeks each employee worked for Defendants."  (*Ling v.*

*Duravent*, No. 2:19-CV-01903-MCE-AC, 2020 WL 1274511, at *2-4 (E.D. Cal. Mar. 17,

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO
28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

2020).)  Similarly, Defendants have provided virtually no information to support the contention that putative class members "generally worked a schedule consisting of five eight-hour workdays for approximately 48 weeks per year. . . ."  (Dkt. No. 1, P. 6).  Plaintiff cannot verify the accuracy of these records without being provided the number of vacation days, leaves, and sick days that should actually be subtracted from the number of workweeks.  It is reasonable to infer that putative class members' vacation days, leaves, and number of sick days vary.  Defendants cannot merely assert that limiting the number of weeks worked by each class member to 48 per year encompasses all of the varying number of hours worked, amounts of vacation time taken, number of sick days taken, and other discrepancies.  For example, it is possible that some class members took excessive amounts of time off.  As such, the assertion that 825 putative class members worked for 48 weeks each year is baseless and not supported by any evidence or authority.  Defendants base their purported number of weeks worked on the unsupported number of putative class members, as well as on the assertion that these putative class members worked "five eight-hour workdays" for "approximately 48 weeks."  (Dkt. No. 1, P. 6).  Defendants have provided no documentation as to the number of full-time employees within the putative class: instead, Defendants assert employees "*generally*" worked eight-hour workdays.  (Dkt. No. 1, P. 6) (emphasis added).  Defendants did not provide foundation in the form of any information about the lengths of any of workdays during any of the purported workweeks to justify their assumption that every putative class member "generally" worked eight hours each day.

              c.      <u>Defendants' Calculations For the Putative Class Members' Average Rate of Pay is Unsupported and Without Basis</u>

Defendants assert that the average rate of pay for putative class members is $17.65.  (Dkt. No. 1, P. 6; Dkt. No. 1-7, ¶ 13).  The Strobel Declaration states "[p]utative class members earned an average of $17.65 per hour during the relevant period." (Dkt. No. 1-7, ¶ 13).  Neither the Strobel Declaration nor Defendants' Notice of Removal provide any indication as to how the figure of $17.65 was reached.  Defendants did not provide documentary evidence, such as work schedules, timecards, or employee complaints, to establish the propriety of their estimate.  Defendants' purported average hourly rate is presumably based on Defendants' unsupported

8

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

number of 825 class members.  Defendants have failed to provide sufficient documentation of employees' most recent wages, the number of employees who were paid at each rate of pay, the number of pay periods that each employee worked, or other information Defendants used to reach this figure.  This figure of $17.65 serves as part of the basis for most of Defendants' calculations to demonstrate the amount in controversy exceeds $5,000,000. Thus, Defendants' purported average rate of pay, and any figures based upon this rate of pay, are baseless.

Defendants also fail to explain if the employees differed in roles or levels of experience. *Taylor v. United Rd. Servs., Inc.* held that "the hourly rate Defendant used to calculate the amount in controversy is unsupported and speculative." (*Taylor v. United Rd. Servs., Inc.*, 313 F. Supp. 3d 1161, 1178 (E.D. Cal. 2018).)  There, Defendant did not "explain what records he examined to come to this conclusion...[nor did he] explain whether the [employees] differ in kind, such as in level of experience, or in pay..." (*Id.*)  The court determined that "declarations do not establish by a preponderance of the evidence [employees] are paid $25.24 per hour today, and [such declarations] fall far short of establishing that $25.24 is an appropriate figure from which to calculate the potential damages for the entire span of the class period." (*Id.; see also Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Brown v. Chipotle Mexican Grill, Inc.*, No. 16-CV-00174-EMC, 2016 WL 3402619, at *2 (N.D. Cal. June 21, 2016); *Jimenez v. Menzies Aviation, Inc.*, No. C 10-03477 SBA, 2013 WL 1411228, at *3 (N.D. Cal. Apr. 8, 2013); *Kohsuwan v. Dynamex, Inc.*, No. SACV121990FMOJPRX, 2013 WL 12403492, at *8 (C.D. Cal. Aug. 13, 2013).)  Defendants' failure to introduce data and documents appears to be a calculated strategy to invoke CAFA jurisdiction without providing any admissible evidence regarding the validity of the putative class members' claims—evidence that obviously could later be used to expose Defendants' liability in this case.  The Strobel Declaration also contains insufficient support of the accuracy of these numbers. (Dkt. No. 1-7).  The necessary foundation for these figures is absent. Accordingly, all of Defendants' calculations should be disregarded.

### 3.  Defendants' Calculation of Overtime Compensation is Unreasonable

Defendants "assum[e]" the amount in controversy for overtime compensation claims is "$3,167,008." (Dkt. No. 1, P. 6).  Defendants apply "one hour of unpaid overtime" per week (12

minutes per day). (Dkt. No. 1, P. 6). Defendants reach this amount with the following calculation: "$26.48 [average overtime rate] x 1 hours per week x 119,600 workweeks." (Dkt. No. 1, P. 6). Defendants provide no supporting documentation to prove to the Court and Plaintiff that such an assumption is a reasonable and accurate representation of employees' typical overtime hours (or violations thereof for non-payment). Further, Defendants assume that overtime applies to each of the alleged 119,600 workweeks. (Dkt. No. 1, P. 6). Defendants do not provide any documentary evidence to establish the propriety of their assumed estimate. This 100% violation rate is unsupported by the allegations at issue. (*Brancaccio v. Knauf Insulation, Inc.*, CV 20-01439- CJC(AGRx), 2020 WL 1686253, at *4 (C.D. Cal. Apr. 7, 2020).)

"In the Northern District, courts disavow the use of a 100% violation rate when calculating the amount in controversy absent evidentiary support." (*Moreno v. Ignite Rest. Grp.*, No. C 13-05091 SI, 2014 WL 1154063, at *5 (N.D. Cal. Mar. 20, 2014) *citing Andersen v. The Schwan Food Co.*, No. C 13-2362 PJH, 2013 WL 3989562, at *3 (N.D. Cal. Aug. 2, 2013); *Altamirano v. Shaw Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *3 (N.D. Cal. June 14, 2013).) *Moreno* held that when "Defendants do not provide any support of a 100% violation rate, such as evidence based on their records or a random sampling," Defendants' showing is "not sufficient to establish the amount in controversy by a preponderance of the evidence." (*Moreno, supra,* 2014 WL 1154063, at *5). Defendants here provide no such evidence underlying ***any*** of their ***100%*** violation rate assumptions. Rather, Plaintiff's Complaint alleges only a "pattern and practice" of unpaid overtime. (Dkt. No. 1-1, ¶ 25.) A "'pattern and practice' of doing something does not necessarily mean always doing something" and, moreover, the Complaint does "not allege that this 'pattern and practice' is universally followed every time the wage and hour violation could arise." (*Ibarra*, *supra*, 775 F.3d at 1198-1199; *see also Ling*, 2020 WL 1274511, at *3 (assuming 30 minutes of overtime violations applied to all class members was improper "without [] the employee's hire date or providing any other rationale.").)

This Court has remanded a matter where a defendant improperly relied upon the allegations in the plaintiff's complaint to assume that the plaintiff worked two hours of overtime each week. (*Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1071 (N.D. Cal. 2018).)

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

10

The defendant in *Steenhuyse*, as here, "was in a position of adducing some evidence of the working hours and policies affecting potential overtime," and "the failure to provide any evidence in support of the amount in controversy calculation is not excused." (*Id.*) (*see also Rivers v. Veolia Transportation Servs., Inc.*, No. 14-CV-2594 YGR, 2014 WL 3945789, at *3 (N.D. Cal. Aug. 11, 2014) (declaration that plaintiff worked between 2 and 4 hours of overtime per week was "speculative and unsupported" absent explanation or documents to support).)

It is not the Court's job to perform "mathematical calculations to justify" the Defendants' alleged amount-in-controversy, but the lack of any information that would enable the Court to calculate "more conservative estimates" is fatal. (*Harris v. KM Indus., Inc.*, 980 F.3d 694, 701 (9th Cir. 2020); *Wilson v. IKEA North America Services, LLC*, No. CV 20-09075-CJC (ASx), 2020 WL 7334486, at *3 (C.D. Cal. Dec. 14, 2020).) Courts hold that a one hour estimate of overtime per week is too speculative with no evidence. (*Nolan v. Kayo Oil Co.*, No. C 11–00707 MEJ, 2011 WL 2650973, at *4 (N.D. Cal. Jul. 6, 2011) ("Simply assuming that every employee...worked at least one hour of overtime a week, without some facts or evidence to support these assumptions, is insufficient to meet Defendant's evidentiary burden"); *Vigil v. HMS Host USA, Inc.*, No. C 12–02982 SI, 2012 WL 3283400, at *5 (N.D. Cal. Aug. 10, 2012) (Defendant's assumption that each class member worked one hour of overtime per week was unsupported by evidence and unsupported by allegations in complaint).) Defendants' overtime estimate is speculative and relies upon Defendants' baseless asserted number of putative class members and workweeks. Thus, Defendants' figure of overtime hours should be disregarded.

*4. Defendants' Estimates for Unpaid Meal and Rest Period Premiums Are Baseless*

Defendants assume the amount in controversy for unpaid meal period premiums is $2,795,760. (Dkt. No. 1, P. 7). Here, Defendants assume a 100% violation rate. (Dkt. No. 1, P. 7). Defendants reach this figure with the following formula: "825 persons x 4 years x 48 weeks x 1 shift x $17.65 per hour." (Dkt. No. 1, P. 7). Defendants then assume the amount in controversy for unpaid rest period premiums is also $2,795,760. (Dkt. No. 1, P. 7). To reach this figure, Defendants assume "each employee missed one rest period per shift" ("825 persons x 4 years x 48 weeks x 1 shift x $17.65 per hour") (Dkt. No. 1, P. 7). The meal and rest break

11

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO**
**28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

premiums constitute a significant portion of the amount in controversy that Defendants assert. These figures are also based on Defendants' baseless number of putative class members and average hourly rate of pay. Assumptions used to calculate an amount in controversy must contain "some reasonable ground underlying them." (*Arias v. Residence Inn by Marriott*, 936 F.3d 920, 928 (9th Cir. 2019).) Defendants' Notice of Removal assumes that class members never received meal breaks and missed half of their rest breaks. (Dkt. No. 1, P. 7). Plaintiffs' Complaint limits meal and rest break violation claims to those employees who were scheduled to work or worked for longer than 6 hours per day. (Dkt. No. 1-1, Exh. A, ¶ 59, 61, 62). This allegation in Plaintiffs' Complaint cannot serve as the basis of Defendants' assumption that every putative class member "generally worked" eight hours per day. Defendants conveniently fail to provide a single timecard, paystub, wage statement, work schedule, or other document to support the propriety of their meal and rest break violation rates.

Courts hold that an assumption of **one** meal and **one** rest period violation **per week** is ***too speculative*** when unsupported by evidence. (*See Armstrong v. Ruan Transp. Corp.*, No. EDCV 16-1143-VAP (SPx), 2016 WL 6267931, at *3-4 (C.D. Cal. Oct. 25, 2016) (rejecting defendant's assumption of one meal and rest period violation per week because it failed to provide any factual support); *see also e.g., Smith v. Diamond Resorts Mgmt.*, 2016 U.S. Dist. LEXIS 11063, at *5 (C.D. Cal. Jan. 29, 2016); *Weston, supra,* 2013 U.S. Dist. LEXIS 132930, at *17; *Ray, supra,* 2011 WL 6148668, at *3; *Ruby v. State Farm Gen. Ins. Co.*, 2010 U.S. Dist. LEXIS 88812, at *11-12 (N.D. Cal. Aug. 4, 2010).) In *Armstrong*, "Defendant did not present any facts supporting its assumption," but rather only provided "a declaration" that set forth the number of class members, average number of workdays and work hours, frequency of wage statements issued, total hours worked, and other general information. (*Armstrong, supra,* 2016 WL 6267931, at *8-9.) *Armstrong* noted that "[n]owhere does [the declarant] address. . . the number of complaints Defendant received regarding the lack of meal and rest periods, Defendant's policy addressing how meal and rest periods are scheduled, or anything else to provide factual support for Defendant's assumption of 'one meal period and one rest period violation per workweek' for every class member." (*Armstrong, supra*, 2016 WL 6267931, at *3.) *Armstrong* also noted that

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO
28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

taking language that says "Defendant failed to provide all the legally required unpaid, off-duty meal periods" to mean that all meal periods were missed was "mistat[ing] the claims in Plaintiff's complaint." (*Id.*)  The court held "[a]s the employer, Defendant[s] ha[ve] access to employment and payroll records that would allow [them] to provide more accurate figures, rather than mere estimations," and thus "Defendant failed to meet its burden." (*Id.* at *13-14.)

Here, Defendants also fail to support their calculations.  Plaintiff's Complaint alleges that Defendants "engaged in a pattern and practice of wage abuse" including "failing to pay [employees]. . . for missed meal periods and rest breaks." (Dkt. No. 1-1, Exh. A, ¶ 25).  A "'pattern and practice' of doing something does not necessarily mean always doing something." (*Ibarra,* 775 F.3d at 1198-1199.)  Defendants also failed to prove that all the shifts the class members worked were of sufficient length to mandate the provision of meal and rest periods.  Nowhere in their removing papers do Defendants even attempt to address whether any of the putative class members were part-time employees and/or not entitled to meal and rest periods.  These figures are based on Defendants' unsupported number of class members, their average rate of pay, and the number of hours they allegedly worked.  Thus, Defendants' assumptions regarding meal and rest break violations are speculative and must be rejected. (*See Ibarra*, 775 F.3d at 1199 (finding that "a damages assessment may require a chain of reasoning that includes assumptions. When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them.").  Defendants' use of a 100% violation rate for meal period claims is not reasonable because it is not grounded in the allegations in the Complaint.  Also, Defendants have not submitted evidence as to the frequency of violations, let alone evidence supporting the 100% violation rate they assert. (*Castillo v. Trinity Services Group, Inc*., No. 119CV01013DADEPG, 2020 WL 3819415, at *7 (E.D. Cal., July 8, 2020).)

This Court has indicated that "the removing party is not entitled to assume that all class members' damages or violation rates are the same as the named plaintiff's based simply on an allegation that the named class member's claims are 'typical.'" (*Morris v. LiquidAgents Health Care, LLC*, No. 12-CV-4220 YGR, 2012 WL 5451163, at *4 (N.D. Cal. Nov. 7, 2012).)  Courts also hold that complaints with nearly identical language to Plaintiff's Complaint do not support a

13

100% meal or rest break violation rate. *Ling v. Duravent* held that a 100% meal and rest break violation rate was "invalid because Defendants provide no reasonable ground for assuming the entire putative class experienced one meal period or rest period violation per week, especially given the fact that the Complaint does not support any such claims." (*Ling, supra*, 2020 WL 1274511, at *2 (*citing Ibarra*, 775 F.3d at 1199).) The Northern District discredits the use of a 100% violation rate without evidentiary support. (*Moreno, supra*, 2014 WL 1154063, at *5.) Other Northern District courts have agreed that terms such as "at all material times" and "'[d]uring all relevant time periods" are not sufficient to support a defendant's asserted 100% violation rate. (*See, e.g., Williams v. ETC Inst.*, No. 18-CV-01011-MEJ, 2018 WL 3105117, at *8 (N.D. Cal. June 25, 2018); *Young v. Novartis Pharms. Corp.*, No. 17-CV-04390-EMC, 2017 WL 4638664, at *3 (N.D. Cal. Oct. 16, 2017).) The language in Plaintiff's Complaint also does not allege a 100% violation rate. Defendants' meal and rest period rates must be disregarded.

### 5. *Defendants' Calculations of Unpaid Minimum Wages is Without Basis*

All of Defendants' calculations regarding overtime compensation, meal and rest period premiums, and attorneys' fees are compromised by the inflated numbers of putative class members, hours worked, and average rates of pay. Defendants' minimum wage calculations are also baseless. Defendants assume that the amount in controversy for unpaid minimum wages is $418,600, that the applicable minimum wage for the relevant period is $14.00, and that "there was 15 minutes of uncompensated time" for each purported workweek. (Dkt. No. 1, P. 7). Defendants calculate "(119,600 workweeks x .25 hour x $14.00)" to reach $418,600. (Dkt. No. 1, P. 7). Defendants' assumption that each putative class member experienced 15 minutes of unpaid minimum wages per week is improper absent any evidence. Defendants improperly apply their flawed "$14.00" minimum wage rate to each year at issue during the statutory period. The $14.00 rate exceeds the applicable minimum wage rates for the majority of the statutory period, as $14.00 is the *current* minimum wage rate in California for the year 2021 for companies who employ over 25 employees. (Cal. Lab. Code § 1182.12(1)(E).) Further, Defendants' Notice of Removal provides no basis to support that *every* putative class member experienced a minimum wage violation during each week, nor do Defendants specify the

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

14

*actually* applicable minimum wage rate for each year during the relevant period. These calculations are unreasonable and totally unsupported by any evidence in neither Defendants' Notice of Removal nor the Strobel Declaration.

      *6. Defendants' Calculations of Waiting Time Penalties Is Inflated and Unsupported*

      Defendants assume that the amount in controversy for waiting time penalties is "at least $974,280." (Dkt. No. 1, P. 8). The Strobel Declaration provides no further assurances regarding this speculative figure. (*See generally*, Dkt. No. 1-7). Defendants first calculate a "daily rate of pay" of $141.20 ("8 hours x $17.65 or $141.20). (Dkt. No. 1, P. 8). Defendants then assert "[a]t least 230 putative class members" left Defendants' employ during the relevant statutory period. (Dkt. No. 1, P. 8). Defendants reach $974,280 by calculating "230 persons x 30 days x $141.20 per day). (Dkt. No. 1, P. 8). First, Defendants' number of employees who left Defendants' employ is unsupported without evidence. Second, Defendants assume violations for *all* of the supposed 230 class members who left Defendants' employ. (Dkt. No. 1, P. 8).

      A 100% violation rate is unsupported by Plaintiffs' allegations. Plaintiffs do not allege that Defendants failed to timely pay *every* terminated employee for the maximum period of 30 days, but allege that Defendants failed to timely pay "Plaintiffs and the other class members." (Dkt. No. 1-1, Exh. A, ¶¶ 84, 85, 87). Such language is not sufficient to infer a 100% violation rate. Furthermore, the Strobel Declaration fails to include *any* documentary evidence regarding applicable employees' most recent wage rates, evidence that these employees were full-time, or evidence that *every* relevant employee is entitled to the maximum 30-day penalty. Defendants fail to support these underlying figures, nor how they amount to $974,280. Defendants' maximum penalties approach to waiting time penalties was rejected by the Ninth Circuit in *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir. 2007) (overruled on other grounds), and again in *Garibay v. Archstone Communities, LLC*, 539 Fed. Appx. 763 (9th Cir. 2013). In *Lowdermilk*, Oregon law permitted employees to recover a maximum of thirty days in penalty

15

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

wages for an employer's failure to timely pay wages upon termination.  (*Lowdermilk*, 479 F.3d at

1000.)  The Court found that the defendant failed to meet its burden of proof, stating:[2]

> Defendant assumes that all class members would be entitled to the maximum damages...
> but provides no evidence to support this assertion... Many employees may have been paid
> only a few days late and, consequently, would be entitled to fewer days of penalty
> wages... Again, absent more concrete evidence, it is nearly impossible to estimate with
> any certainty the actual amount in controversy.  (*Id.*)

Lower courts have also rejected Defendants' maximum penalties calculations.  (*See, e.g.,*

*Beck v. Saint-Gobain Containers, Inc.*, No. 2:16-cv-03638-CAS-SK, 2016 WL 4769716, at *10

(C.D. Cal. Sep. 12, 2016); *Cisneros v. Lerner N.Y., Inc.*, No. 2:16-cv-02722-CAS(Ex), 2016 WL

4059612, at *4 (C.D. Cal. July 25, 2016) (Defendant failed to provide "evidence to suggest that

Defendant failed to pay any class member's wages for a period of thirty days—let alone that they

failed to does so for every class member."); *Dupre v. GM*, No. CV- 10-00955-RGK(Ex), 2010

WL 3447082, at *4 (C.D. Cal. Aug. 27, 2010) (no basis for maximum penalties because

defendant failed to present evidence regarding the number of days it withheld wages or wage

statements); *Weston v. Helmerich & Payne Inter. Drilling Co.*, No. 1:13-CV-01092-LJO, 2013

WL 5274283, at *6 (E.D. Cal. Sept. 17, 2013) ("Defendant fails to provide any facts supporting

the calculations based upon 100% violations.").)  Courts in this District have rejected defendants'

assertions that all terminated employees are entitled to maximum waiting time penalties when, as

here, "defendants do not support their assumption that [all relevant] terminated employees are

entitled to 8 hours of pay per day."  (*Moreno, supra,* 2014 WL 1154063, at *5.)  The Ninth

Circuit's reasoning in *Lowdermilk* applies here. Defendants have failed to prove that waiting

time penalties amount to $974,280.

### 7.  *Defendant's Calculation of Wage Statement Penalties is Unsupported*

Defendants assume that the amount in controversy for wage statement violations is

$2,360,000.  (Dkt. No. 1, P. 8).  Defendants assert "[t]here were at least 590 members of the

Putative Class employed by Defendants, for a full year prior to the date of the filing of the

Complaint on June 18, 2021, and all such persons were paid bi-weekly."  (Dkt. No. 1, P. 8).

---

[2] While the courts in *Lowdermilk* and *Garibay* applied a "legal certainty" standard, the reasoning is still applicable.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO
28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Defendants assert that there were "at least twenty-six (26) bi-weekly periods" during the relevant

2    period and reach the figure of $2,360,000 with the following formula: 590 x $4,000 =

3    $2,360,000.  (Dkt. No. 1, P. 8).  It is unreasonable to assume that every single wage statement for

4    every single employee throughout the statutory period was inaccurate based on the allegations in

5    Plaintiffs' Complaint.  While it may be appropriate to assume maximum penalties if there was

6    evidence that every single wage statement was deficient, there is no such evidence here.

7    Defendants have not submitted "summary-judgment-type evidence" relevant to the amount in

8    controversy, and have not met their burden of proof.  (*Singer*, 116 F.3d at 377; *Lowdermilk*, 479

9    F.3d at 1000.)  Thus, these penalty figures should be disregarded.

10           8.   *Defendants' Asserted Figure of Unreimbursed Business Expenses is Unsupported*

11           Defendants presume putative class members incurred $598,000 in unreimbursed business

12    expenses.  (Dkt. No. 1, P. 8).  Defendants state that "Plaintiff's unreimbursed business expense

13    claim is subject to a three-year limitation period," yet Defendants assume that ***each*** employee

14    incurred $5.00 of unreimbursed business expenses for ***each*** of the alleged 119,600 workweeks.

15    (Dkt. No. 1, P. 8). Defendants do not describe the nature of the incurred expenses, or why the

16    same expense applies to every single employee and pay period.  Absent any evidence, these

17    numbers are arbitrary and pulled out of thin air to inflate Defendants' calculations.

18           9.   *Defendants' Asserted Amount in Controversy for Attorneys' Fees is Flawed and*

19                *Based on Defendants' Unsupported Calculations Above*

20           Defendants assert that the amount of attorneys' fees at issue is $3,277,352, or 25% of

21    Defendants' asserted amount in controversy.  (Dkt. No. 1, P. 9).  The Ninth Circuit has "declined

22    to adopt a per se rule that 'the amount of attorneys' fees in controversy in class actions is 25

23    percent of all other alleged recovery.'"  (*Arias*, 936 F.3d at 928.)   Furthermore, a court in this

24    District recently declined to adopt the "25% benchmark the Ninth Circuit disavowed" and have

     reasserted that "no per se rule exists" warranting a 25% attorneys' fee calculation.  (*Frias-*

     *Estrada v. Trek Retail Corp.*, No. 20-CV-07471-RS, 2021 WL 1558743, at *7 (N.D. Cal. Apr.

     19, 2021).)  A defendant must prove the amount of attorneys' fees at stake by a "preponderance

     of the evidence," and the court "may not relieve the defendant of its evidentiary burden by

17

adopting a per se rule for one element of the amount at stake in the underlying litigation." (*Castillo*, 2020 WL 3819415, at *8; *see also Ramirez v. Benihana Nat'l Corp*., No. 18-CV-05575-MMC, 2019 WL 131843, at *2 (N.D. Cal. Jan. 8, 2019) ("a removing defendant has the burden of proving. . . the amount of attorneys' fees, by a preponderance of the evidence.").)

The Ninth Circuit also holds that the "defendant retains the burden [] of proving the amount of future attorneys' fees by a preponderance of the evidence." (*Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018).)  Defendants have failed to satisfy this burden.  Further, "[a] district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." (*Id*. at 795).  Therefore, here, the Court should follow the "Ninth Circuit's mandate in *Fritsch* and simply use $0," thus excluding the entirety of the attorneys' fees from the CAFA calculation. (*Salazar v. PODS Enters*., LLC, No. 19-cv-260-MWF-KKx, 2019 WL 2023726, at *9 (C.D. Cal. May 8, 2019);  *see also Armstrong*, 2016 WL 6267931, *7 (because "Defendant's fee estimate is based on a conjectural damages calculation [it] should be disregarded.").)  Also, Defendants improperly seek to calculate the fee based on their flawed calculations as to all claims, without regard for the fact that attorneys' fees can only be counted toward the amount in controversy if "an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language." (*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998);  *Fritsch*, 899 F.3d at 788.)  Accordingly, Defendants failed to meet their burden of proof, and any attorneys' fees calculations should be disregarded.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court remand this case to the San Mateo County Superior Court.

Dated: September 13, 2021                              **LAWYERS *for* JUSTICE, PC**


                                              By:  /s/ Aram Boyadjian
                                                    Aram Boyadjian
                                                    *Attorneys for* Plaintiff