1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **LUIS R. CHAVARRIA RAMIREZ,** | CASE NO. 21-cv-06250-YGR |
| Plaintiff, | |
| vs. | **ORDER GRANTING MOTION TO REMAND** |
| **PROSPECT INTERNATIONAL AIRPORT SERVICES CORPORATION, ET AL.,** | Re: Dkt. No. 12 |
| Defendants. | |

Plaintiff Luis R. Chavarria Ramirez filed this action against Defendants Prospect International Airport Services Corporation, Prospect Airport Services, Inc., and Does 1 to 100, inclusive. Ramirez alleges ten causes of action, namely, violations of California Labor Code and California Business & Professions Code.

Now before the Court is Ramirez's motion to remand for lack of subject matter jurisdiction on the sole basis that Defendants have not demonstrated that the amount in controversy exceeds $5 million under the diversity jurisdictional requirements of the Class Action Fairness Act, 28 U.S.C. Section 1332(d). The parties have fully briefed the motion. *See* Dkt. Nos. 12, 13, 14.[1]

For the reasons set forth below, the Court **GRANTS** Ramirez's motion for remand for lack of subject matter jurisdiction. The Court further **VACATES** the case management conference set for November 29, 2021.

---

[1] Having preliminarily reviewed the parties' briefing, the Court determined that the motion was appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78, and vacated the oral argument that was set for October 29, 2021. *See Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728-29 (9th Cir. 1991).

**I.     BACKGROUND**

On June 18, 2021, Ramirez filed this putative class action lawsuit against defendants Prospect International Airport Services Corporation and Prospect Airport Services, Inc. (collectively, "Prospect Airport"), and Does 1 to 100, inclusive, in the Superior Court of the State of California, County of San Mateo.  Dkt. No. 1-1, Case No. 21-CIV-03392 (the "State Court Action" or the "Compl.").  Ramirez asserts individual and class claims against Prospect Airport for wage-and-hour and unfair-competition causes of action.  Ramirez seeks unpaid overtime and minimum wages, unpaid meal and rest period premiums, waiting time and wage statement penalties, reimbursement of business expenses, and attorneys' fees.  He purports to bring the claims on behalf of himself and a class consisting of "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." *Id.* ¶ 13.

On August 12, 2021, Prospect Airport removed the complaint to this Court by Notice of Removal filed August 12, 2021, asserting federal jurisdiction pursuant to the Class Action Fairness Act ("CAFA").  *See* Dkt. No. 1 ("Notice of Removal").

**II.    LEGAL STANDARD**

"Federal courts are of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *Daimler Chrysler Corp v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (citing *Renne v. Geary*, 501 U.S. 312, 316 (1991)).  Accordingly, there is a "strong presumption against removal jurisdiction" when evaluating a motion to remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction is upon the party seeking removal." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citation omitted).  CAFA does not shift the burden to establish subject matter jurisdiction of a removed putative class action; thus, that burden remains with the party seeking removal. *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

United States District Court
Northern District of California

1    Defendants argue that the court has jurisdiction under CAFA.  Under CAFA, 28 U.S.C. §

2    1332(d), federal courts have original jurisdiction over class actions where there are at least 100

3    class members, at least one plaintiff is diverse in citizenship from any defendant, and the amount

4    in controversy exceeds $5 million.  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir.

5    2015).  A class action that meets CAFA standards may be removed to federal court.  28 U.S.C. §

6    1441(a).  If the district court lacks subject matter jurisdiction, it must remand the case to state

7    court.  28 U.S.C. § 1447(c).

8    "When measuring the amount in controversy, a court must assume that the allegations of

9    the complaint are true, and that a jury will return a verdict for the plaintiff on all claims made in

10    the complaint."  *Gyorke-Takatri v. Nestle USA, Inc.*, No. 15-cv-03702-YGR, 2015 WL 6828258,

11    at *3 (N.D. Cal. Nov. 6, 2015).  The amount in controversy is "determined by the complaint

12    operative at the time of removal and encompasses all relief a court may grant on that complaint

13    . . . ."  *Fritsch v. Swift Transp. Co. of Arizona*, 899 F.3d 785, 791 (9th Cir. 2018) (quoting *Chavez*

14    *v. JPMorgan Chase & Co.*, 888 F.3d 414-15 (9th Cir. 2018)).  The defendant must provide

15    evidence that it is "more likely than not that the amount in controversy satisfies the jurisdictional

16    amount requirement."  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996);

17    *see also Fritsch*, 899 F.3d at 795.

18    Where "damages are unstated in a complaint or, in the defendant's view are understated,"

19    however, "the defendant seeking removal bears the burden to show by a preponderance of the

20    evidence that the aggregate amount in controversy exceeds $5 million."  *Ibarra*, 775 F.3d at 1197.

21    "[M]ere speculation and conjecture" based on unreasonable assumptions is not enough.  *Id.*  Yet

22    defendants may "rely on reasonable assumptions," though they "need not make the plaintiff's case

23    for it or prove the amount in controversy beyond a legal certainty."  *Harris v. KM Indus., Inc.*, 980

24    F.3d 694, 701 (9th Cir. 2020).  "[W]hen the defendant relies on a chain of reasoning that includes

25    assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in

26    controversy exceeds $5 million, the chain of reasoning and its underlying assumptions must be

27    reasonable."  *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015).  However, a

28    district court should only "weigh the reasonableness of the removing party's assumptions, not

3

1   supply further assumptions of its own." *Harris*, 980 F.3d at 701.

2   **III.   ANALYSIS**

3       The sole issue in dispute is whether CAFA's $5 million amount-in-controversy threshold

4   has been met.  While the State Court Action did not plead the particular sum Ramirez and the class

5   sought to recover, the complaint stated that the amount in controversy was less than $75,000.

6   Compl. ¶ 1.  In its Notice of Removal, Prospect Airport called the claimed amount "a baseless

7   attempt by a class representative to limit the scope of relief available to the class" and concluded

8   that "such bald assertions of the amount in controversy have no weight."  Notice of Removal ¶ 19.

9   Prospect Airport argued that the amount in controversy was satisfied, *id.* ¶ 20, and, in support,

10  attached a declaration executed by Vicki Strobel, Prospect Airport's President and CEO.  Dkt. No.

11  1-7 ("Strobel Declaration").  Strobel declared, in relevant part:

12          3.     In my role as President, I have access to employee payroll and

13  human resources data and information maintained by Defendants.
    Moreover, based on my years of experience with Defendants, I have
    knowledge and understanding of Defendants' payroll and human

14  resources practices.
    . . .

15  13.     There are approximately 825 Putative Class Members who
    worked a total of approximately 119,600 workweeks. Putative class

16  members earned an average of $17.65 per hour during the relevant
    period. Putative class members worked for at least an average of

17  approximately 48 weeks per year (accounting for vacations, leaves,
    and illness).

18

19  Strobel Declaration ¶¶ 3, 13.  Using the information supplied by the Strobel Declaration – putative

20  class size, average wage, total workweeks, and average workweeks per year, Prospect Airport

21  calculated the amount of damages put at issue by Ramirez's asserted individual and class claims at

22  $13,109,408 (without counting for attorneys' fees) and concluded that the CAFA amount-in-

23  controversy requirement had been met.  Notice of Removal ¶ 20.

24      Ramirez contests that Prospect Airport has failed to meet the CAFA amount in controversy

25  requirement because the conclusions in Prospect Airport's Notice of Removal are based on

26  assumptions so unfounded that Prospect Airport's "chain of reasoning and its underlying

27  assumptions" cannot be considered reasonable.  Dkt. No. 12 at 11-25.  Prospect Airport counters

28  that it has met its burden of proving that the requirement has been satisfied.  Dkt. No. 13 at 13.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

**A.      The Strobel Declaration**

2        Ramirez challenges the Notice of Removal and the accompanying Strobel Declaration,

3   arguing that Prospect Airport has not met its burden because it makes assumptions unsupported by

4   evidence.  Dkt. No. 12 at 12-25.  Prospect Airport contends that "Ms. Strobel's declaration must

5   be accepted as true" because "Plaintiff did not submit any declarations of his own to dispute

6   Defendants' calculations nor did he object to any of the statements asserted in Ms. Strobel's

7   declaration."  Dkt. No. 13 at 11; *id.* at 12 ("Accordingly, Plaintiff has failed to carry his burden to

8   properly challenge the amount in controversy allegations in Defendants' Notice of Removal and

9   Plaintiff's Motion should be denied.").

10        Where a plaintiff contests the defendant's amount-in-controversy allegation, the burden of

11   proof remains with the defendant to show by the preponderance of the evidence that the amount in

12   controversy exceeds the jurisdictional threshold.  *See Dart Cherokee Basin Operating Co., LLC v.*

13   *Owens*, 574 U.S. 81, 88 (2014); *see also Ibarra*, 775 F.3d at 1197.  Thus, although Ramirez has

14   not submitted evidence contradicting Prospect Airport's calculations, contrary to Prospect

15   Airport's belief, it is Prospect Airport – not Ramirez – that bears the burden of establishing that it

16   has met the $5 million amount-in-controversy requirement.  *Contreras v. J.R. Simplot Co.*, 2017

17   WL 4457228, at *2 (E.D. Cal. Oct. 6, 2017) ("Accordingly, a defendant must provide more than a

18   plausible statement to show it satisfies the jurisdictional prerequisite, and the absence of plaintiffs'

19   rebuttal evidence does not change that requirement.").

20        The Ninth Circuit has held that CAFA's $5 million amount-in-controversy requirement to

21   be not met where the only evidence proffered in support is "a declaration by [a defendant's]

22   supervisor of payroll, which sets forth only the number of employees during the relevant period,

23   the number of pay periods, and general information about hourly employee wages.'"  *Garibay v.*

24   *Archstone Communities LLC*, 539 Fed.Appx. 763, 764 (9th Cir. 2013); *see also Contreras*, 2017

25   WL 4457228, at *3 (finding defendant failed to meet burden to rebut plaintiff's challenge of

26   amount-in-controversy allegation where declaration stated that the "putative class members

27   worked approximately 61,941 weeks during the applicable period" and noted the average hourly

28   rate as $18.52 per hour).

United States District Court
Northern District of California

1        Here, the only evidence that Prospect Airport submits in support of removal is the Strobel

2   Declaration, a declaration from its president and CEO, stating the putative class size, total weeks

3   worked, average class wage, and average weeks worked per year.  The Strobel Declaration makes

4   conclusory statements with no supporting documentation or calculations.  This is distinguishable

5   from *Bermejo v. Lab'y Corp.*, a case Prospect Airport offers in support for the proposition that

6   courts "routinely accept similar declarations . . . providing general payroll statistics as credible

7   evidence."  2020 WL 6392558, at *4 (C.D. Cal. Nov. 2, 2020).  In *Bermejo*, the defendant

8   submitted two declarations to support its amount-in-controversy calculations:  one from its HR

9   analyst and another from its counsel.  Attached to the declaration from the HR Analyst were "over

10  660 pages of data reports and spreadsheets," including:

- A spreadsheet of Employee ID numbers and start dates for employees who held specific positions Defendant found to correspond to the class description in California from April 20, 2016 through June 15, 2020;
- Six reports containing job data for LabCorp non-exempt, hourly employees who held the same positions in California from April 20, 2016 through June 15, 2020; and
- Ten reports containing the average daily worked hours for LabCorp non-exempt, hourly employees who held the same positions in California from April 20, 2016 through June 15, 2020.

17  2020 WL 6392558, at *3.  And in *Rea v. Michaels Stores Inc.*, another case Prospect Airport cites,

18  the defendant submitted as evidence that the amount-in-controversy requirement was satisfied:

> a declaration from its Vice President of Field Human Resources showing that [defendant's] managers were expected to work at least 45 hours a week normally, and 50 hours a week during the holiday season.  [Defendant] also submitted a letter sent by the plaintiffs in connection with settlement negotiations where the plaintiffs valued their claim at over $5,000,000.  And the named plaintiffs in this case all testified that they worked at least 45 hours each week.

23  742 F.3d 1234, 1239 (9th Cir. 2014).  Unlike the evidence submitted in *Bermejo* or *Rea*, Prospect

24  Airport offers the Strobel Declaration alone with no accompanying statistics or data reports.

25       Further, the Strobel Declaration does not explain how Prospect Airport reached its

26  calculations.  This weakness is underscored by a comparison against the evidence submitted in

27  *Vasquez v. RSI Home Prods.*, 2020 WL 6778772 (C.D. Cal. Nov. 12, 2020), a case which Prospect

28  Airport terms "instructive."  In *Vasquez*, the defendant submitted its notice of removal with a

United States District Court
Northern District of California

1  declaration from its payroll manager providing a "summary of the underlying data and

2  calculations derived from RSI's business records." *Id.* at *3.  The payroll manager explained her

3  review of the defendant's timekeeping and payroll data, detailing how she reached data points

4  related to class size, number of wage statements, hourly rates, and average hours per workday. *Id.*

5  After reviewing the declaration, the *Vasquez* court concluded that the declarant "includes a

6  sufficiently detailed explanation of the underlying data and the methods that she employed in

7  analyzing the RSI employment." *Id.*  By contrast, the Strobel Declaration lacks any detailed

8  explanation of the underlying data.  The Strobel Declaration's only reference to the underlying

9  "data" is "[i]n my role as President, I have access to employee payroll and human resources data

10  and information maintained by Defendants."  Strobel Declaration ¶ 3.  The Strobel Declaration

11  only recites the class size, workweeks, average wage, and average weeks worked per year.  And

12  the Strobel Declaration is silent as to its methods and calculations.  Further, the Declaration does

13  not explain how Strobel "determined the average pay rate in each year, the average hourly rate of

14  pay for the entire class, the average hours worked per week, or the number of work weeks."

15  *Frias-Estrada v. Trek Retail Corp.*, No. 20-CV-07471-RS, 2021 WL 1558743, at *2, 5 (N.D. Cal.

16  Apr. 19, 2021) (finding declaration to be not competent evidence where declarant "does not

17  provide a definition of a work week nor does he describe his process for determining the number

18  of employees, applicable pay rate, the $17.47 average hourly rate for the putative class, or number

19  of hours worked per week").  The Court cannot "discern whether [Strobel] reviewed actual

20  employee time records and pay records, whether he relied on summaries prepared for him by

21  someone else, or whether the records are something else entirely." *Townsend v. Brinderson Corp.*,

22  2015 WL 3970172, at *4 (C.D. Cal. June 30, 2015) (finding declaration by senior vice president

23  "lacks foundation and cannot be relied upon" where it "does not indicate which records [declarant]

24  reviewed in order to arrive at the figures he provides").

25       Finally, the Strobel Declaration is from Prospect Airport's president and CEO, who does

26  not claim any specialized familiarity with human resources and payroll data.  In *Alvarez v. Office*

27  *Depot, Inc.*, another case that Prospect Airport offers as support, the court accepted a declaration

28  made by the defendant's "Lead *Human Resources* Business Partner," noting that it "has routinely

1   accepted similar declarations from *human resources professionals* as credible evidence to

2   establish CAFA removal."[2]  2017 WL 5952181, at *2 (C.D. Cal. Nov. 30, 2017) (emphases

3   supplied).  Unlike in *Alvarez*, the Strobel Declaration is made not by a human resources

4   professional, but rather by Prospect Air's president and CEO, who claims no experience with

5   payroll and human resources practices outside of her general experience as president and CEO.

6   Strobel Decl. ¶ 3 ("As Defendants' President, I am familiar with the general business operations

7   and business structure of Defendants . . . Moreover, based on my years of experience with

8   Defendants, I have knowledge and understanding of Defendants' payroll and human resources

9   practice.").

10       It is Prospect Airport's burden to show, by a preponderance of the evidence, that the

11   CAFA requirement is met.  *Ibarra*, 775 F.3d at 1197.  Prospect Airport has not met its burden.

12   Ramirez correctly notes that Prospect Airport has provided no reliable basis to verify the asserted

13   putative class size, average wage, total workweeks, and average workweeks per year.  Prospect

14   Airport offers only the Strobel Declaration, upon which it bases its calculations for Ramirez's

15   unpaid overtime and minimum wage claims, unpaid meal and rest period premiums, waiting time

16   penalty claims, and unreimbursed business expense claims.  With respect to the remaining claim,

17   Ramirez's wage statement penalties claim, along with Ramirez's waiting time penalty claim, rely

18   on putative class size subsets not identified in the Strobel Declaration at all.  *See* Notice of

19   Removal ¶ 20(e) ("At least 230 putative class members separated from employment with

20   Defendants during the relevant period."); *id.* ¶ 20(f) ("There were at least 590 members of the

21   Putative Class employed by Defendants, for a full year prior to the date of the filing of the

22   Complaint on June 18, 2021, and all such persons were paid bi-weekly.").

23       Accordingly, the evidence before the Court is insufficient to demonstrate by a

24   preponderance of the evidence that the amount in controversy has been satisfied.  Because

25   Prospect Airport relied on unfounded evidence to calculate the total potential damages for each of

26   Ramirez's claims, the Court holds that Prospect Airport has not met its burden to establish CAFA

27

28       [2] Notably, the *Alvarez* court "acknowledges that other courts in this District have been more skeptical of the sort of evidence Defendant provides here."  2017 WL 5952181, at *3.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  jurisdiction. *Lockhart v. Columbia Sportswear Co.*, 2016 WL 2743481, at \*5 (C.D. Cal. May 11,

2  2016) (finding human resources declaration "lacks foundation and cannot provide sufficient

3  support for the calculations on which Columbia's entire amount in controversy analysis relies"

4  where "[n]owhere in his declaration does Young describe the records he reviewed or how he

5  arrived at those numbers").

6  **IV.    CONCLUSION**

7         For the reasons discussed above, the Court **GRANTS** Ramirez's motion to remand for lack

8  of subject matter jurisdiction.  The Court further **VACATES** the case management conference set

9  for November 29, 2021.  The Clerk of the Court is directed to close the case and remand to the San

10  Mateo County Superior Court.

11         This Order terminates Docket Number 12.

12         **IT IS SO ORDERED.**

13

14  Dated: November 3, 2021

15                                        _____
                                          **YVONNE GONZALEZ ROGERS**
                                          **UNITED STATES DISTRICT COURT JUDGE**

16

17

18

19

20

21

22

23

24

25

26

27

28